## WAH HOW LEE *v.* MRS. ALLAN B. MARTIN AND ALLAN B. MARTIN.

### No. 2562.

Argued February 24, 1944.          Decided February 28, 1944.

Kemp, C. J., Peters and Le Baron, JJ.

*Per Curiam.* This is a motion by defendant in error to quash the writ of error heretofore issued herein. Due to our conclusions the grounds thereof need not be stated.

The only error assigned is that the amended complaint upon which the judgment subject to review was entered "fails to state a cause of action in that there is no allegation in the said complaint (amended) that a notice in writing to vacate the premises therein described was given to the plaintiffs in error more than ten days prior to the expiration of the month to month tenancy."

Not only does the amended complaint allege "that while the said defendants [plaintiffs in error] were in possession of said premises, a due and proper notice to quit and vacate said premises was given to defendants more than ten days prior to the termination of said month to month period [month to month tenancy], notifying said defendants to vacate said premises at the expiration of the monthly rental period, to-wit, on December 10, 1943," but it also appears from the record that the defendant in error as owner, by and through his attorney, notified plaintiffs in error in writing to "quit, vacate and deliver up to the undersigned owner at the expiration of your current rental period, to-wit, the premises now held and occupied by you as my tenants, situate at 3849 Nikolo

Street, Honolulu, T. H.," and that said notice was received by Mrs. Allan B. Martin, one of the plaintiffs in error, on November 19, 1943.

Although the record may show that the case was properly before this court and that the motion to dismiss upon the grounds alleged is not well-taken, it is manifest that the appeal by writ of error herein was taken for delay only and that the question involved is such as not to need further argument.

Paragraph 6 of rule 6 of this court provides: "There may be united with a motion to dismiss a motion to affirm on the ground that, although the record may show that the case is properly before this court, it is manifest that the appeal was taken for delay only or that the question involved is such as not to need further argument."

Although there was not united with the motion to dismiss a motion to affirm pursuant to the rule, action may be taken upon the court's own motion.

Under the circumstances the writ of error is dismissed pursuant to the provisions of paragraph 6 of rule 6 of this court.

*H. K. H. Lee* for the motion.
*A. K. Trask* contra.